**In the Matter of Michael Scott GILLESPIE and Rita Harris Gillespie, Debtors.**

**Bankruptcy No. A85–01398–ADK.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Nov. 18, 1985.

John B. Lyle, Atlanta, Ga., for debtors.

---

David Cranshaw, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for trustee.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

The above-styled Chapter 7 bankruptcy case is before the Court on the Trustee's Objection to Claim of Exempt Property. A hearing on said matter was held on July 31, 1985 after which the Court took the matter under advisement. After considering the briefs filed by the parties, the Court now makes the following findings of fact and conclusions of law.

The Debtor, Michael Scott Gillespie, was employed by Southern Company Services. He terminated his employment prior to the filing of the instant bankruptcy petition. During his employment, the Debtor participated in three ERISA-qualified benefit plans: 1) the Pension Plan for Employees of Southern Company Services, Inc. ["Pension Plan"]; 2) the Employee Savings Plan for the Southern Company System ["Savings Plan"]; and 3) the Employee Stock Ownership Plan of the Southern Company System ["ESOP"]. The Debtor has claimed an exemption in all three of these plans. The Trustee, however, only challenges his claim to exempt his interest in the third plan, the ESOP.

In his brief, the Trustee describes this plan:

The ESOP is a benefit plan whereby the employer makes contributions of either cash or common stock of the Southern Company to an account that is maintained for the benefit of participating employees. Generally, employees who have completed a year of service with the company automatically participate in the plan. Employee contributions are not permitted under the plan. At the time Mr. Gillespie terminated his employment with Southern Company he had vested rights in an ESOP account consisting of 358.344 shares of Southern Company

stock with a value of approximately $7,242.81.

Brief in Support of Trustee's Objection to Claim of Exempt Property at 2–3.

The Debtor contends that the entire amount derived from the ESOP is subject to exemption pursuant to O.C.G.A. §§ 44–13–100(a)(1), (a)(2)(E), and (a)(6). The parties have agreed that he is entitled to exempt $3,957.50 under §§ 44–13–100(a)(1) and (a)(6). The only question before the Court is whether the remaining amount is subject to exemption under § 44–13–100(a)(2)(E). The Court has been unable to find any cases on point, nor have the parties cited any. It is thus a case of first impression.

Section 44–13–100(a)(2)(E) of the Official Code of Georgia provides an exemption in

A payment under a pension, annuity, or *similar plan* or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

(emphasis added). The Debtor contends that the ESOP constitutes a "similar plan" under § 44–13–100(a)(2)(E). The Debtor further argues that, under the ESOP, 1) benefits accrue to all qualified employees based upon length of service; 2) the funds are accessible to the employee only upon retirement, disability, or other termination or employment; and 3) "it is foreseeable to the framers of the E.S.O.P. from the outset that any of these limiting future events [retirement, disability, or termination of employment] will of necessity give rise to the employee's need for the funds in the E.S.O.P." Brief in Response to Trustee's Objection to Claim of Exempt Property at 2. It is argued that these qualities make this particular ESOP more akin to a pension or annuity plan than a stock bonus plan.

When the new Bankruptcy Code was passed in 1978, Congress provided that a state may opt out of the federal exemption scheme. 11 U.S.C. § 522(b). The state of Georgia has so opted and has adopted its own set of exemptions which are closely

patterned after the federal exemptions. In comparing the Georgia exemption quoted above, O.C.G.A. § 44–13–100(a)(2)(E), with the federal provision, 11 U.S.C. § 522(d)(10)(E), it is readily apparent what the Georgia legislature intended. Section 522(d)(10)(E) provides an exemption in

> a payment under a *stock bonus*, pension, *profitsharing*, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor ...

(emphasis added). The Georgia legislature adopted almost verbatim the language of the federal exemption provisions, but it deleted the words "stock bonus" and "profit-sharing" from its version. This Court can only conclude that the Georgia legislature intended that stock bonus and profitsharing plans were not to be included as exempt under O.C.G.A. § 44–13–100(A)(2)(E) and that the words "or similar plan" were not to be extended to cover such plans.

The Debtor argues that the ESOP in question was really more like a retirement plan. However, the Court finds no persuasive evidence of this. The stated purpose of this plan was "to encourage and assist employees of Southern Company Services, Inc. and of the other Employing Companies to acquire ownership of common stock of The Southern Company and thereby promote in the employees a strong interest in the successful operation of the Southern Company System...." It is clear that the purpose of the ESOP was not to provide the employee with a pension or an annuity, but rather it was to give the employee an ownership interest in the company. Thus, the Court finds that the Debtor's interest in the ESOP is not subject to exemption under O.C.G.A. § 44–13–100(a)(2)(E).

### ORDER

In accordance with the reasoning above, it is the Order of the Court that the Trustee's Objection to Claim of Exempt Property be, and the same hereby is, SUSTAINED.